[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
Prior to December 1, 1993, Charles Olinger Sr. created joint CT Page 6279 bank accounts with his son, Charles E. Olinger, the defendant.
On December 1, 1993, the senior Olinger executed a Power of Attorney, naming his son his attorney in fact.
It had been the custom and habit for the son to handle the father's affairs and to take care of his regular needs. This continued to be their habit and custom after the execution.
On December 3, 1993, the defendant closed out the joint bank accounts and placed the funds in accounts of his own, all with the knowledge and approval of his father whose attorney explained the significance and operation of a Power of Attorney.
The defendant's father expressed his intention to be that his son would eventually have the money in the accounts. He died on December 27, 1996.
 NATURE OF THE CASE
The plaintiff, the adopted daughter of the senior Olinger, brought this action attacking the withdrawal of the funds from the joint bank accounts alleging fraud, breach of fiduciary duty, and "constructive trust" (sic).
The plaintiff is suing in her individual capacity and is suing the defendant in his individual capacity.
 DISCUSSION I FRAUD
The plaintiff has argued this claim as though the defendant exerted undue influence, duress, made false representations, or prepared misleading documents.
The unrebutted evidence is that the senior Mr. Olinger created the joint accounts with his son, the defendant. There is no dispute that he relied on his son to pay his bills, run errands and in general to attend to his everyday needs.
Had Mr. Olinger died with the joint accounts in existence, the funds would have become the defendant's. After consulting CT Page 6280 with an attorney, he had the Power of Attorney prepared and he executed it. The attorney testified as to his mental capacity and his intention — that his son have the proceeds of the accounts.
The Power of Attorney was operative until the death of Mr. Olinger more than three years later. There is no suggestion he attempted to revoke the instrument or that his intentions were changed.
The plaintiff's claim on this issue if adopted would render suspect virtually every joint bank account created and negate general powers of attorney.
There is not a scintilla of evidence even suggesting fraud. The clear and convincing evidence is that the senior Mr. Olinger's wishes were obeyed, that he was aware of what he was doing, and that the defendant did nothing resembling fraud in the course of the creation of the accounts, the execution of the Power of Attorney and the subsequent closing out of the accounts.
As for the plaintiff's reference to the Title 19 ln, the court is satisfied with the representation of defendant's counsel that it will be discharged before the estate is closed.
 II Breach of Fiduciary Duty
In asserting this claim, the plaintiff ignores the uncontradicted evidence as to the creation of the joint accounts, the execution of the Power of Attorney, the intentions of Mr. Olinger as stated to his attorney and the period of time that elapsed without any objection by him.
The court finds no evidence to support this claim which is actually a restatement of the fraud claim.
 III CONSTRUCTIVE TRUST
Having determined the absence of fraud and breach of a fiduciary duty, the plaintiff is not entitled to have the court impose a constructive trust. CT Page 6281
 IV
The plaintiff also argues that the defendant had no right to withdraw the funds from the joint accounts since they were opened and maintained as trustee accounts pursuant to Section 36a-296.
This argument ignores the language of the governing statute, Section 36a-296(a)(1)(A): "The depositor during his life may withdraw, or authorize charges against, such funds; . . ." A Power of Attorney is an appropriate vehicle to accomplish this purpose.
Further, Section 36a-296(b) states that a deposit account may be established or maintained by a trustee under a will or trust agreement or under the terms of some other written document
(Emphasis added.) A Power of Attorney would appear to fit this permission as well.
Finally, as the court noted earlier, absent the existence of the Power of Attorney, title to the hinds on deposit would have passed to the defendant upon the death of Mr. Olinger, the depositor.
 V
The defendant has challenged the standing of the plaintiff to seek the relief requested in this proceeding in this court.
In view of the court's conclusions recited above, this issue is moot.
 CONCLUSION
The court finds no merit to the plaintiff's contentions and orders judgment to enter for the defendant. The defendant is entitled to taxable costs.
Counsel for the defendant is to advise the court as to the status of Title 19 lien.
Anthony V. DeMayo Judge Trial Referee CT Page 6282